UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case No. 1:22-cr-20187-13

v.                                   Honorable Thomas L. Ludington
                                   United States District Judge

CECIL PEOPLES,

           Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT CECIL PEOPLES'S MOTION TO SUPPRESS EVIDENCE AND FOR A *FRANKS* HEARING**

In May 2022, after a year-long investigation of a suspected drug-trafficking conspiracy, federal agents obtained a warrant and searched Defendant Cecil Peoples's house. Now facing four criminal charges, he seeks to suppress evidence seized during the search, alleging the warrant affidavit lacked probable cause and contained false statements that entitle him to a *Franks* hearing.

**I.**

As part of an investigation of a suspected drug-trafficking conspiracy in Saginaw, Michigan, the FBI identified codefendant Gregory Martin Hayes[1] as "a supplier of controlled substances" and obtained court authorization to wiretap his cell phone in December 2021. ECF No. 396 at PageID.1444. As a result, the FBI intercepted several phone calls between Hayes and Defendant Cecil Peoples[2] allegedly related to drug distribution.

On May 5, 2022, Special Agent Troy Wohlfert[3] authored an affidavit in support of a

---

[1] Hayes is charged with two counts of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and one count of unlawful use of a communication facility, 21 U.S.C. § 843(b). ECF No. 176.
[2] Peoples says he and Hayes "are childhood friends who have maintained a close and connected relationship throughout their entire lives." ECF No. 377 at PageID.1303.
[3] Agent Wohlfert has been a special agent with the FBI since 2010 and assigned to a Mid-Michigan

warrant to search Peoples's house, in which he outlined several intercepted phone conversations between Hayes and Peoples and corresponding GPS data. Later that day, officers searched Peoples's house and found "five firearms, a quarter ounce of suspected cocaine, and a digital scale." ECF No. 377 at PageID.1299.

Four months later, Peoples was indicted on one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), one count of possession of a firearm furthering a dug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and one count of unlawful use of a communication facility, 18 U.S.C. § 843(b). ECF No. 176. His jury trial begins on September 28, 2023. ECF No. 356.

On June 16, 2023, he filed a motion to suppress evidence, arguing the search warrant was issued without probable cause. ECF No. 377 at PageID.1302. He also requests a *Franks* hearing, arguing that "Agent Wohlfert knowingly provided false statements in his affidavit": misinterpretations of the phone calls. *Id.* at PageID.1307. The Government opposes both requests. ECF No. 396.

II.

A.

The Fourth Amendment protects people from unreasonable governmental searches and seizures by requiring a warrant based on probable cause, subject to some exceptions. *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018). Probable cause is "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). This "is not a high bar: It requires only the 'kind of fair probability' on which 'reasonable

---

Safe Streets Task Force since 2016. ECF No. 377-2 at PageID.1313.

and prudent [people,] not legal technicians, act.'" *Kaley v. United States*, 571 U.S. 320, 338, (2014) (quoting *Florida v. Harris*, 568 U.S. 237 (2013)).

In order to establish probable cause, the affidavit must present "facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Crumpton*, 824 F.3d 593, 615 (6th Cir. 2016); *see also United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (requiring a "nexus between the place to be searched and the evidence sought.").

## B.

The Affidavit—which outlines several phone conversations between Peoples and Hayes—contains enough evidence to establish probable cause.

February 4, 2022. According to Agent Wohlfert, at 12:37 PM People called Hayes to say he was "fitting to drop off," and Hayes told Peoples to "take [his] time." ECF No. 377-2 at PageID.1316–17. Agent Wohlfert averred that, based on his training, experience, and previously intercepted calls, "Peoples contacted Hayes concerning an unknown controlled substance[,] but he did not want to talk in detail about it on that particular phone," which is why the language is vague. *Id.* at PageID.1317. Almost six hours later, Peoples called Hayes again, asking if he was "good to maybe slide down." *Id.* at PageID.1318. Hayes asked Peoples if he was "there now," and Peoples responded that he would be in "about 30 minutes." *Id.* According to GPS information from Hayes's phone, immediately following this call, Hayes travelled to a place at which investigators knew Hayes stored drugs, and then to Peoples's house.

March 20, 2022. At 2:28 PM, Hayes called Peoples, who eventually said, "I'll catch you tomorrow then?" ECF No. 377-2 at PageID.1319. Hayes responded, "Nah, I'm good. We can do it today." *Id.* Then Peoples said, "Ok, well just call me when you get to moving." *Id.* Two-and-a-

half hours later, Hayes called Peoples again, and they agreed to meet at Peoples's house at 7:00 PM. *Id.* According to GPS information from Hayes's phone, he was near Peoples's house at 7:33 PM. *Id.* And just before 8:00 PM, Hayes called an unknown male and discussed the heavy police presence in Peoples's neighborhood, noting that he "was just leaving Cecil's house." *Id.* at PageID.1320.

The Affidavit establishes probable cause. It describes Hayes—a known drug supplier—speaking with Peoples, immediately traveling to a place where he stores drugs, then immediately traveling to Peoples's house. *See* ECF No. 377-1 at PageID.1318. This reliable evidence of a known drug dealer's path of travel and stops along the way could lead a reasonable officer to conclude that evidence of drug crimes would be found at Peoples's house, especially considering the transcripts of the calls between them. *See United States v. Gunter*, 266 F. App'x 415, 419 (6th Cir. 2008) ("[A] nexus exists between a known drug dealer's criminal activity and the [place to be searched] when some reliable evidence exists connecting the criminal activity with the [place to be searched]."); *see also United States v. Glowacki*, No. 22-3279, 2023 WL 179887, at *5 (6th Cir. Jan. 13, 2023) (holding that the proper assessment is not "whether particular conduct is innocent or guilty, but rather the degree of suspicion that attaches to particular types of noncriminal acts"), *cert. denied*, 143 S. Ct. 1042 (2023) (quotations omitted).

Peoples counters that the Affidavit does not establish a nexus between his house and the alleged drug trafficking, because Agent Wohlfert's interpretations are speculative and lack a personal observation of him entering or leaving Peoples's house with drugs or anything else. ECF No. 377 at PageID.1303.

"But probable cause does not require direct evidence." *United States v. Robelin*, No. 1:22-CR-20187-12, 2023 WL 4235537, at *2 (E.D. Mich. June 28, 2023) (citing *United States v.*

*Glowacki*, No. 22-3279, 2023 WL 179887, at *5 (6th Cir. Jan. 13, 2023)); *see also United States v. Allen*, No. 21-4029, 2023 WL 34235, at *4 (6th Cir. Jan. 4, 2023) ("No one needs to purchase drugs directly from the house for reliable evidence [to establish probable cause] to exist.").

In sum, the Affidavit establishes probable cause for the search of Peoples's house.

### III.

### A.

"[T]he obvious assumption" made regarding the probable-cause requirement "is that there will be a truthful showing." *Franks v. Delaware*, 438 U.S. 154, 164–65 (1978) (quoting *United States v, Halsey*, 257 F. Supp. 1002, 1005 (S.D.N.Y. 1966)). A statement in an affidavit is deemed truthful if it is "believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165.

In order to obtain a *Franks* hearing, Defendant must (1) "make a substantial showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit"; and (2) "prove that the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). If the defendant satisfies both requirements, then the falsity or omission is set aside for the court to reevaluate whether the remaining content in the affidavit is "sufficient . . . to support a finding of probable cause." *Franks*, 438 U.S. at 171–72. If it is not, then the defendant is entitled to a *Franks* hearing under the Fourth Amendment. *Id.* at 172.

### B.

Peoples alleges Agent Wohlfert's "interpretations of the calls" were knowingly false statements that "mischaracterized the nature of Hayes's two visits to [Peoples's] residence under the auspice of 'training and experience.'" ECF No. 377 at PageID.1307.

But apart from these conclusory statements, Peoples does not provide any evidence that Agent Wohlfert's statements were false or that he intended his statements to be false or misleading. *See generally* ECF No. 377. And without evidence that Agent Wohlfert *intended* the statements to be false or misleading, Peoples cannot satisfy the first requirement for a *Franks* hearing. *See United States v. Allen*, No. 21-4029, 2023 WL 34235, at *3 (6th Cir. Jan. 4, 2023) (affirming district court's denial of *Franks* hearing because defendant provided no evidence that affiant had intent to lie or knowledge that he was lying); *United States v. Harris*, No. 1:21-CR-00074-6, 2023 WL 3475406, at *4 (S.D. Ohio May 15, 2023) ("[M]erely proving a falsity or omission is not enough—the defendant must show the affiant *intended* it to be false or misleading." (citing *United States v. Merrell*, 350 F. App'x 556, 560 (6th Cir. 2009))).

Even removing Agent Wohlfert's interpretations of the calls from the Affidavit, the transcripts of the calls and GPS information from Hayes's phone establish probable cause. As explained, immediately following a phone call with Peoples, Hayes traveled to a place where investigators knew he stored drugs then to Peoples's house. *See* discussion *supra* Part II.B. This alone establishes probable cause—even more so coupled with the remaining call transcripts and GPS data. Thus, Peoples does not meet the second *Franks* requirement either. *United States v. Caldwell*, 221 F.3d 1336 (unpublished table decision) (6th Cir. June 19, 2000) ("[T]he court need not conduct an evidentiary hearing if the court finds that probable cause exists on the face of the affidavit with the contested information set to one side.").

For these reasons, Peoples's request for a *Franks* hearing will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant Cecil Peoples's Motion to Suppress Evidence and Request for a *Franks* Hearing, ECF No. 377, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: July 24, 2023                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge